Per Curiam.

On this appeal from a judgment convicting the defendant of selling narcotics, the defendant raises two points.
The first concerns a statement obtained from bim after his arrest and under circumstances which concededly violated the requirements prescribed by the Supreme Court in Miranda v. Arizona (384 U. S. 436). In its direct case, the People did not offer the statement in evidence. On cross-examination, however, and over the defendant’s*objection, the statement was employed extensively by the prosecutor in cross-examining the defendant who had taken the witness stand in his own defense. The statement was at complete variance with the account given by the defendant on direct examination although it was no more inculpatory than his direct testimony. Such use of the statement for purposes of impeachment is authorized by our decision in People v. Kulis (18 N Y 2d 318), to which we adhere.
The defendant’s second contention is that use of the statement should, in any event, be barred because the People failed to comply with section 813-f of the Code of Criminal Procedure which provides that, "where the people intend to offer a confession or admission in evidence * * * the people must * * * give written notice of such intention to the defendant ”. We agree with the decision of the Appellate Division herein — and not with its later, seemingly inconsistent, position in People v. Torres (32 A D 2d 791)—that section 813-f is not applicable. Section 813-f is not intended as a discovery device; its function —^s the very language of the statute itself indicates (see Code Crim. Pro., pt. VI, tit. 11-C)—is to afford a defendant an opportunity for a hearing under section 813-g to determine the voluntariness of his confession or admission. Accordingly, when the prosecution neither offers nor plans to offer a statement in evidence against the defendant, the section in question is just not applicable. Moreover, where, as in the present case, a statement obtained in violation of Miranda is used solely for impeachment *178 purposes, no purpose would be served by requiring compliance with section 813-f, and the People were not obligated to furnish the notice there prescribed.
The judgment should be affirmed.